Ken CALDWELL, Lisa Caldwell,
Plaintiffs–Appellants,

v.

Justice Michael L. PESCE, P.J., Justice
Michelle Weston, Justice Martin M.
Solomon, J.J., Chief Clerk Paul Ken-
ny, Senior Partner Russell Polirer,
Esq., Senior Partner Kenneth Novi-
koff, Senior Partner Cheryl F. Kor-
man, Esq., Gutman, Mintz, Baker &
Sonnenfeldt P.C., Rivkin Radler LLP,
Defendants–Appellees.

No. 15–1149–cv.

United States Court of Appeals,
Second Circuit.

April 14, 2016.

Ken Caldwell, Lisa Caldwell, pro se,
Newark, DE, for Plaintiffs–Appellants.

Cheryl F. Korman, Merril S. Biscone,
Rivkin Radler LLP, Uniondale, NY., for
Defendants–Appellees Polirer; Novikoff;

Korman; Gutman, Mintz, Baker & Son-
nenfeldt P.C.; and Rivkin Radler LLP.

PRESENT: AMALYA L. KEARSE,
JOSÉ A. CABRANES and DENNY
CHIN, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-appellants Ken and Lisa Cald-
well, proceeding *pro se,* appeal the District
Court's March 2, 2015, judgment *sua
sponte* dismissing their complaint with
prejudice pursuant to 28 U.S.C.
§ 1915(e)(2). In their complaint, plain-
tiffs-appellants allege, *inter alia,* that de-
fendants-appellees—who consist of attor-
neys, law firms, a state court clerk, and
state court judges—violated 42 U.S.C.
§§ 1983 and 1985 in connection with prior
litigation stemming from a landlord-tenant
dispute. We assume the parties' familiari-
ty with the underlying facts, the procedur-
al history of the case, and the issues on
appeal.

We review *de novo* a district court's
dismissal pursuant to 28 U.S.C.
§ 1915(e)(2). *Giano v. Goord,* 250 F.3d
146, 149–50 (2d Cir.2001). To survive dis-
missal, the complaint must plead "enough
facts to state a claim to relief that is
plausible on its face," *Bell Atlantic Corp. v.
Twombly,* 550 U.S. 544, 570, 127 S.Ct.
1955, 167 L.Ed.2d 929 (2007), and "allow[ ]
the court to draw the reasonable inference
that the defendant is liable for the miscon-
duct alleged," *Ashcroft v. Iqbal,* 556 U.S.
662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868
(2009).

Here, based on an independent review of
the record, we conclude, substantially for
the reasons set forth by the District Court
in its thorough and well-reasoned opinion,
see *Caldwell v. Pesce,* 83 F.Supp.3d 472
(E.D.N.Y.2015), that the District Court ap-
propriately dismissed plaintiffs-appellants'

complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Additionally, we deny plaintiffs-appellants' motion for sanctions as meritless. Plaintiffs-appellants rely on Federal Rule of Civil Procedure 11 as the basis for the requested sanctions. But "[o]n its face, Rule 11 does not apply to appellate proceedings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *see also* Fed. R.Civ.P. 1 (stating that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings *in the United States district courts* " (emphasis added)). To the extent plaintiffs-appellants meant to move for sanctions pursuant to Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, or the Court's inherent authority, the motion is also meritless. Rule 38 does not authorize the imposition of sanctions against an *appellee,* *see* Fed. R.App. P. 38, and in the circumstances presented here sanctions are not appropriate under § 1927 or our inherent authority because, based on the record before us, none of the appellees have acted in bad faith, unreasonably, or vexatiously, *see* 28 U.S.C. § 1927; *Ransmeier v. Mariani,* 718 F.3d 64, 68 (2d Cir.2013).

## CONCLUSION

We have considered all of plaintiffs-appellants' arguments and find them to be without merit. Accordingly, we **AFFIRM** the March 2, 2015, judgment of the District Court, and we **DENY** plaintiffs-appellants' motion for sanctions.